This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Richard Adelman, has appealed from the order of the Summit County Court of Common Pleas denying his motion for a new trial and his petition for postconviction relief. We affirm.
On July 9, 1997, Defendant was indicted on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1); and one count of kidnapping, in violation of R.C. 2905.01(A)(4). On October 6, 1997, following a jury trial, Defendant was found guilty of both counts as charged. Defendant was sentenced to eighteen months imprisonment on count one, and ten years imprisonment on count two. The sentences were to run consecutively. Defendant timely appealed and this Court affirmed both his conviction and his sentence. State v. Adelman (Dec. 9, 1998), Summit App. No. 18824, unreported. Defendant filed a pro se appeal of this Court's decision to the Supreme Court which was subsequently denied.
On December 16, 1998, Defendant filed a petition for postconviction relief styled "Petition to Vacate or Set Aside Judgment of Conviction and Sentence, O.R.C. § 2953.21." On December 31, 1998, the trial court denied Defendant's motion as untimely and further held that consideration of Defendant's motion was barred by res judicata. On January 25, 1999, Defendant timely appealed the trial court's denial of his petition for postconviction relief. On March 8, 1999, Defendant's appeal was dismissed for failure to pay the required fees or submit an affidavit of indigency and for failure to provide this Court with the required docketing statement.
On February 25, 2000, Defendant again filed multiple petitions for postconviction relief with the trial court alleging newly discovered evidence. The newly discovered evidence he provided to the trial court consisted of recent articles from the Akron Beacon Journal which criticized the actions of the Summit County Prosecutor's Office. On April 3, 2000, the trial court denied Defendant's motions. Defendant timely appealed and raised three assignments of error for review.
In State v. Fuller (Apr. 30, 1997), Lorain App. No. 96CA006626, unreported, at 2-3, we said:
 Since September 21, 1995, Section 2953.23(A) of the Ohio Revised Code has permitted the trial court to entertain a second or successive petition for post-conviction relief only if it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty * * * but for constitutional error at trial.
This is Defendant's second petition for postconviction relief.
Defendant has not demonstrated that he meets any of the criteria set forth above. Defendant has pointed to an article in the Akron Beacon Journal questioning and criticizing the State's policy on indictment and his own allegations that the State's witnesses committed perjury as the newly discovered evidence necessary to sustain his petition for postconviction relief. Defendant has failed to indicate how he was unable to obtain this "evidence" or how any of this information would have changed the outcome of the trial. Furthermore, this Court holds newspaper editorials and unsubstantiated allegations do not constitute evidence of a constitutional error. Therefore, because Defendant has failed to meet his threshold requirement as set forth above, the trial court was precluded from considering this second petition.
Defendant's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ LYNN C. SLABY
BAIRD, P. J., CARR, J., CONCUR